UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:13-cr-120-VMC-TGW

BRIAN E. SIMMONS

_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Brian E. Simmons' pro se Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 139), filed on April 1, 2024. The United States of America responded on April 23, 2024. (Doc. # 144). Mr. Simmons filed a reply on May 3, 2024. (Doc. # 145). For the reasons that follow, the Motion is denied.

**I. Background**

On February 27, 2014, the Court sentenced Mr. Simmons to 192 months' imprisonment for wire fraud and aggravated identity theft. (Doc. # 75). Mr. Simmons is forty-five years old and is projected to be released in 2027. See Bureau of Prisons' Inmate Locator at https://www.bop.gov/inmateloc/ (last visited Jun. 6, 2025).

Mr. Simmons filed his first pro se motion for

1

compassionate release in June 2020. (Doc. # 129). This Court denied that motion in August 2020, holding that Mr. Simmons had failed to meet the burden of showing an "extraordinary and compelling" reason for relief, and that the 18 U.S.C. § 3553(a) factors did not favor his early release. (Doc. # 136).

Mr. Simmons seeks compassionate release for the second time. (Doc. # 139). He argues that his case is "extraordinary and compelling" under § 1B1.13(b)(6) to the extent that he received an "unusually long sentence," he has served more than ten years, and changes in the law have resulted in a "gross disparity" in his sentence vis-à-vis the sentence he would receive today. (Id. at 2-12). He also asserts that the § 3553(a) factors support relief because he has completed more than forty educational programs while in prison to prepare himself for gainful employment upon release. (Id. at 13).

## II. Discussion

The United States opposes Mr. Simmons' motion on the grounds that he has not established an "extraordinary and compelling" reason for early release and the § 3553(a) factors weigh against sentence reduction. (Doc. # 144).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United

States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

In his Motion, Mr. Simmons relies on the "unusually long

3

sentence" category of extraordinary and compelling circumstances, arguing that Amendment 792 to § 2B1.1(b)(2) renders his sentence disparately long. (Doc. #139 at 2-12). He asserts that "[if he were] sentenced today for the exact same crimes, he would receive a sentence that would be disparately lower than the one he is serving because he would be facing a guideline range that reflects a more than 10-level reduction in his base offense." (Id. at 11).

The Court disagrees with Mr. Simmons' assumption that he would receive a lower sentence if sentenced today. The Court imposed 192 months' imprisonment because that sentence appropriately reflected the seriousness of his offenses and his significant criminal history. (Doc. # 86 at 59-61). In reaching that conclusion, the Court departed downward as to Count Two, sentencing Mr. Simmons to 168 months' imprisonment — below the guideline range of 210 to 240 months — and then sentenced him to 24 months' imprisonment on Count Seventeen to be served consecutively. (Doc. #86 at 37, 56). Therefore, the Court disagrees with Mr. Simmons that he would receive a lower sentence today.

Even assuming Mr. Simmons could establish an extraordinary and compelling reason, the Court would still deny relief because the Section 3553(a) factors weigh against

4

early release. Section 3553(a) requires the imposition of a sentence that, among other things, reflects the seriousness of the crime and considers the history and characteristics of the defendant. 18 U.S.C. § 3553(a). Here, Mr. Simmons was sentenced for stealing over 250 identities to fraudulently obtain $790,421.28 in tax refunds from the IRS, with an intended loss of over $2.5 million. (Doc. # 64; Doc. #86 at 32, 38). In addition, his past crimes include battery on a law enforcement officer, felon in possession of a firearm, carrying a concealed firearm and felon in possession of a firearm, and carrying a concealed firearm. (Doc. # 144 at 20). As the government observes, Mr. Simmons is "essentially a career criminal." (Id.).

Although the Court commends Mr. Simmons' efforts at rehabilitation, they are not enough to tip the balance in his favor. The gravity of his offenses in this case, his prior criminal history, and his nine disciplinary violations while in prison reflect a continuing pattern of non-compliance (Doc. # 144-1 at 2-4). Thus, the interests of promoting respect for the law and deterring criminal conduct weigh against his early release.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Brian E. Simmons' Motion to Reduce Sentence (Doc. # 139) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of June, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE